UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUG GODSIL, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ORLANDO PATINO-GONZALEZ, a Washington individual,<br><br>    Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

## INTRODUCTION

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5

CLASS ACTION COMPLAINT, Page **1** of **9**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424

(U.S. July 6, 2020).

2. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

3. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

4. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

5. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

6. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

7. According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

8. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

9. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

CLASS ACTION COMPLAINT, Page **2** of **9**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424

*1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

10. Defendant places multiple unsolicited calls to consumers without obtaining the necessary prior express written consent to place such calls.

11. These solicitation calls are placed to generate business for Defendant's real estate agent business.

12. Defendant places multiple solicitation calls to consumers despite their having registered their phone numbers on the DNC to avoid receiving such calls.

13. Plaintiff registered his phone number on the DNC on February 6, 2017.

14. Plaintiff uses his phone for personal use only. It is not associated with a business.

15. On September 11, 2020 at 9:25 AM, Plaintiff received an unsolicited telemarketing call from Defendant to his phone using phone number 360-931-6043.

16. The Defendant, Orlando Patino-Gonzalez was calling to inform Plaintiff that multiple people were "interested" in purchasing Plaintiff's home.

17. The Defendant wanted to know if Plaintiff was interested in selling his home.

18. Plaintiff told the Defendant that he was not interested in selling his home.

19. In early November, 2020, Plaintiff received an unsolicited voicemail on his phone from the Defendant to determine if the Plaintiff was interested in selling his home.

20. This call was placed using the phone number 360-931-6043.

21. In the generic voicemail that was left on the Plaintiff's phone, Defendant identified himself as Orlando.

22. The voicemail was left offering Patino-Gonzalez's services as a realtor.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT, Page **3** of **9**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424

23. Patino-Golzalez displays phone number 360-931-6043, the same number used to call Plaintiff on his Weichert website profile:



24. Plaintiff has never provided his phone number to Patino-Gonzalez or any Weichert real estate agent.

25. The unauthorized solicitation telephone calls that Plaintiff received from Patino-Gonzalez, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

26. Seeking redress for these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing calls to cellular telephones that

---

[3] https://www.equitynw.com/agents/206716/Orlando+Patino-Gonzalez

CLASS ACTION COMPLAINT, Page **4** of **9**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424

are registered on the DNC.

## CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claim they supposedly obtained prior express written consent to call Plaintiff, (b) they did not obtain prior express written consent, or (c) they obtained the person's number in the same manner they obtained Plaintiff's number.

28. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

29. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any

CLASS ACTION COMPLAINT, Page **5** of **9**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Patino-Gonzalez systematically made multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make the calls;

(b) whether Defendant Patino-Gonzalez's calls to Plaintiff and other consumers were made for telemarketing purposes;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Adequate Representation**: The Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to the Plaintiff. Additionally,

CLASS ACTION COMPLAINT, Page **6** of **9**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424

the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Registry Class)

33. Plaintiff Godsil repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference.

34. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

35. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

36. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

CLASS ACTION COMPLAINT, Page **7** of **9**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

37. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

38. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

39. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for the following relief:

40. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

41. An award of actual and/or statutory damages and costs;

42. An order declaring that Defendant's actions, as set out above, violate the TCPA;

43. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

44. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

CLASS ACTION COMPLAINT, Page **8** of 9

Eric R. Draluck
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424

Plaintiff requests a jury trial.

Respectfully Submitted,

**DOUG GODSIL**, individually and on behalf of those similarly situated individuals

DATED this 11th day of January, 2021.

<u>By: /s/ *Eric R. Draluck*</u>
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
Telephone: 206-605-1424
Email: eric@dralucklaw.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

**Pro Hac Vice motion forthcoming*

CLASS ACTION COMPLAINT, Page **9** of **9**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., # 11647
Bainbridge Island, WA 98110
206-605-1424